UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
GARY GILLARD,

               Plaintiff,

     -v.-                                    9:03-CV-1537
                                                (TJM)(RFT)

JOHN W. BURGE; RONALD F. NELSON, SR.;
RAYMOND LUPO; RANDOLPH CALHOUN;
C.O. ATKINS; C.O. STANTON; C.O. HAILSTON;
JOHN DOE,
               Defendants.
-------------------------------------------------------------------------

APPEARANCES:                  OF COUNSEL:

GARY   GILLARD
Plaintiff, *pro se*
01-A-1613

HON. ELIOT SPITZER           MARIA MORAN, ESQ.
Office of the Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

THOMAS J. MCAVOY, SENIOR JUDGE

## DECISION and ORDER

     Presently before the Court is Plaintiff's Motion for a Temporary Restraining

Order. Docket No. 47.  Defendants have opposed the Motion.  Docket No. 50.

**A.**   **Background.**

     By way of background, this action was filed on December 31, 2003.  Defendants

filed their Answer on April 26, 2004.  Dkt. No. 24.  The Complaint alleges that between

April and December of 2003, while Plaintiff was incarcerated at Auburn Correctional

Facility, he was repeatedly denied medical and law library "call-outs," denied legal

supplies, had his mail tampered with or stolen, and was the target of retaliation for having filed complaints against various correctional officers.  Since the filing of the Complaint, Plaintiff has been transferred to the Elmira and Southport correctional facilities.  Plaintiff is presently incarcerated at the Southport Correctional Facility. Docket No. 53.

**B.    Plaintiff's Motion for a Temporary Restraining Order.**

In his Motion for a Temporary Restraining Order Plaintiff seeks protections from "continued mail theft and harassment of defendant JOHN W. BURGE, et, al, and all employees hereof within Elmira Correctional facility ..."  Docket No. 47.  Plaintiff also seeks to be moved out of the Elmira facility and away from the supervision of Defendant Burge.  Plaintiff alleges that Defendant Burge was Superintendent at Auburn at the time the Complaint was filed in this action.  Plaintiff further alleges that Burge is now Superintendent at Elmira Correctional Facility where Plaintiff was housed when this Motion was filed.

Defendants oppose the Motion on several bases including the fact that Plaintiff is no longer housed at Elmira or under the control of Defendant Burge, as well as the fact that the parties to this action (other than Burge) are employees of the Auburn Correctional facility, not the facility where Plaintiff is presently housed.  Thus, any request for injunctive relief against non-party Elmira employees may not be granted in this action.  Finally, Defendants argue that Plaintiff has no constitutional right to be transferred to, or from, any particular facility.

**C.    Discussion.**

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  *Id*. at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

However, the Court need not reach the merits of this Motion as it is clear that Plaintiff complains of events that have occurred since his transfer from Auburn, and allegedly perpetrated by employees at the Elmira facility.  Assuming the alleged events have occurred, it is clear they have not been perpetrated by the parties to ***this*** action or persons who still exercise custody or control over Plaintiff.  Because Plaintiff is no longer incarcerated under the supervision of the named Defendants in this action, the request for injunctive relief must be deneid.  *Cf. Hallett v. New York State Department of Correctional Services*, 109 F. Supp.2d 190,196 (S.D.N.Y. 2000); *see also* Fed.R.Civ.P. 65(d).

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion for a Temporary Restraining Order (Docket No. 47) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:August23,2006

Thomas J. McAvoy
Senior, U.S. District Judge